RECEIPT # _____
AMOUNT $ 150 —
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Aboud
DATE 2-25-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIJA INDUSTRIES, INC.

    Plaintiff,

v.

MILJOCO CORPORATION,

    Defendant.

Civil Action No.:

**04-10376 MLW**

MAGISTRATE JUDGE Alexander

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its Complaint, Plaintiff alleges as follows:

### The Parties

1. Plaintiff Mija Industries, Inc. ("Mija") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having its principal place of business at 11 Commerce Road, Rockland, Massachusetts, within this Judicial District.

2. Defendant Miljoco Corporation. ("Miljoco") is, upon information and belief, a corporation organized and existing under the laws of the State of Michigan, having a place of business at 14335 E. Nine Mile Road, Warren, Michigan 48089.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, this Court has personal jurisdiction over Miljoco ("the Defendant") because Defendant regularly and continuously transacts business within this Judicial District by importing, selling and/or offering for sale, *inter alia*, infringing products which are sold in this Judicial District, and/or engaging in other business related to such products in this Judicial District, and/or have otherwise engaged in other persistent conduct in this Judicial District and have caused injury to Plaintiff both within and outside of this Judicial District.

5. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### (Infringement of U.S. Patent No. 5,834,651)

6. Paragraphs 1-5 of this Complaint are incorporated herein by reference.

7. This is an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code.

8. Mija is the owner of United States Letters Patent No. 5,834,651, entitled HEAT TREATED RAPID RESPONSE PRESSURE GAUGE SPRING ("the '651 patent"), duly and legally issued by the United States Patent Office on November 10, 1998.

9. Upon information and belief, the Defendant is infringing the '651 patent by offering to sell, selling and/or importing devices embodying or made by the patented invention in the United States and will continue to do so unless enjoined by this Court.

10. Upon information and belief, Defendant's infringement is continuing despite knowledge of the '651 patent making such infringement willful under 35 U.S.C. § 284.

11. As a result of the acts of Defendant as charged in this Complaint, Mija has, and will continue to suffer irreparable harm.

## COUNT II

### (Infringement of U.S. Patent No. 4,667,517)

12. Paragraphs 1-5 of this Complaint are incorporated herein by reference.

13. Mija is the exclusive licensee of United States Letters Patent No. 4,667,517, entitled RAPID RESPONSE PRESSURE GAUGE SPRING ("the '517 patent"). The '517 patent was duly and legally issued by the United States Patent Office on May 26, 1987.

14. As exclusive licensee, Mija enjoys all substantial rights to the '517, including the right to make, use, or sell, any device encompassed by the '517 patent, and the right to sublicense any of these aforementioned rights to third parties.

15. Upon information and belief, the Defendant is infringing the '517 patent by offering to sell, selling and/or importing devices embodying the patented invention in the United States and will continue to do so unless enjoined by this Court.

16. Upon information and belief, Defendant's infringement is continuing despite knowledge of the '517 patent making such infringement willful under 35 U.S.C. § 284.

17. As a result of the acts of Defendant as charged in this Complaint, Mija has, and will continue to suffer irreparable harm.

**WHEREFORE**, Mija prays that this Court:

A. Enter judgment that Defendant has infringed the '651 patent;

B. Enter judgment that Defendant has infringed the '517 patent;

C. Enter an order preliminarily and permanently enjoining Defendant, its parents, subsidiaries, affiliates, officers, agents and employees, and any others acting for, with, by, through or under any of them, from infringing U.S. Patent No. 5,834,651;

D. Enter an order preliminarily and permanently enjoining Defendant, its parents, subsidiaries, affiliates, officers, agents and employees, and any others acting for, with, by, through or under any of them, from infringing U.S. Patent No. 4,667,517;

E. Award Mija its damages resulting from Defendant's patent infringement pursuant to 35 U.S.C. § 284;

F. Find that Defendant's infringement has been willful and increase the damages awarded to Mija three times the amount assessed, pursuant to 35 U.S.C. § 284;

G. Find that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Mija its reasonable attorney's fees;

H. Award Mija its prejudgment interest on its damages and its costs, pursuant to § 284; and,

I. Award Mija any such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Dated: *February 25, 2004*

By its attorneys

_____
Nicole E. Gage (BBO #633219)
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Plaintiff
MIJA CORPORATION

20803261.doc

4